IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK EICHENBERG,

       Plaintiff,

v.                                                                      No. 12-cv-00795 MV/CG

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum* ("Motion") filed on February 22, 2013, (Doc. 18), *Defendant's Response to Plaintiff's Motion to Reverse Administrative Agency Decision* ("Response") filed on March 28, 2013, (Doc. 20), and *Reply to Defendant's Response to Plaintiff's Motion to Reverse or Remand Administrative Agency Decision* ("Reply") filed on April 23, 2013, (Doc. 22).

On March 16, 2009 Mr. Eichenberg filed an application for disability insurance benefits alleging disability since December 8, 2008. (Administrative Record ("AR") at 153-55). His application was denied on July 2, 2009 and also upon reconsideration on March 26, 2010. (AR at 61). Mr. Eichenberg filed his request for a hearing on May 13, 2010; the hearing occurred on May 11, 2011 before Administrative Law Judge ("ALJ") Ann Farris. (AR at 59). Mr. Eichenberg and Mary Weber, an impartial vocational expert, testified at the hearing. (AR at 59). The ALJ issued her opinion on July 28, 2011, determining that Mr. Eichenberg was not disabled. (AR at 56). Mr. Eichenberg applied for review by the Appeals Council and submitted additional evidence of disability which had not been available at the time of the hearing. (AR at 11-13, 20). The Appeals Council denied the

request for review, (AR at 4-10), making the decision of the ALJ the final decision of the Commissioner for purposes of this appeal.

Mr. Eichenberg asserts that the Appeals Council committed legal error by failing to accept and consider the additional evidence. Mr. Eichenberg also alleges the ALJ committed legal error by i) failing to consider all of the relevant evidence; ii) failing to apply the correct legal standard when it determined that Mr. Eichenberg could return to his previous work; and iii) improperly discounting Mr. Eichenberg's complaints of pain and functional limitations in making her credibility determination.

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the Appeals Council failed to accept and consider some of the additional evidence, pursuant to 42 U.S.C. § 405(g) (sentence four), the Court recommends that the Motion be **GRANTED** and the case be **REMANDED** for further proceedings.

**I.     Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor

substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.     **Applicable Law and Sequential Evaluation Process**

For purposes of disability insurance benefits (DIB) and supplemental security income (SSI), a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition

for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity;" that (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity, age, education, and work experience. *Id*.

### III. Background

In his application, Mr. Eichenberg alleged disability related to Post-Traumatic Stress Disorder ("PTSD"), depressive symptoms, and lumbar spondylosis. (AR at 61). Mr. Eichenberg's PTSD was diagnosed in July 2004 and is related to his combat experiences in the Vietnam War. (AR at 198-206). Mr. Eichenberg has also admitted to a history of alcohol abuse, and points out that his drinking may have masked the full extent and severity of his PTSD symptoms. (Doc. 18 at 5) (citing AR at 315). Mr. Eichenberg was laid off from his previous position as a computer operator, but he contends that he was targeted for being unable to follow instructions and having conflicts with his supervisor and coworkers. (Doc. 18 at 13-15). He argues that this anti-social behavior is indicative of the

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

impairments caused by his ailments, which are so severe that he is unable to do his previous work and "cannot engage in any other kind of substantial gainful work in the national economy." (Doc.18 at 2) (citing 42 U.S.C. § 423(d)(2)(A)).

    a. The ALJ's Decision

At step one, the ALJ determined that Mr. Eichenberg met the insured status requirement through December 31, 2013, and that he had not engaged in substantial gainful activity since his alleged onset date of disability. (AR at 61). At step two, the ALJ found sufficient medical evidence and clinical findings to conclude that Mr. Eichenberg is severely impaired by PTSD, depressive symptoms, and lumbar spondylosis with chronic pain. (AR at 61). At step three, the ALJ determined that none of Mr. Eichenberg's impairments, solely or in combination, equaled one of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, 404.1526. (AR at 61). The ALJ explained that because the evidence (specifically the consulting physician's evaluation, discussed *infra*) indicates Mr. Eichenberg has only mild or moderate limitations and difficulties related to his mental impairments, he does not satisfy the "paragraph B" criteria. (AR at 62). The ALJ further determined that nothing in the record established the presence of any "paragraph C" criteria, since there was no evidence of a chronic affective disorder of at least two years duration or a complete inability to function independently outside of the home. (AR at 62).

Following that finding, the ALJ proceeded to step four, concluding that Mr. Eichenberg had the residual functional capacity ("RFC") to perform light work, but should be limited to only occasional and superficial interaction with co-workers and the public due to his PTSD symptoms. (AR at 63). Next she made a credibility determination, deciding that Mr. Eichenberg's testimony as to the intensity, persistence, and limiting effects of his

alleged symptoms could not be supported by the medical evidence to the "disabling degree alleged, and therefore lacked credibility." (AR at 63). Then she summarized Mr. Eichenberg's medical records to support her finding. She explained that Mr. Eichenberg's documented history of lumbar spondylosis (or chronic back pain) limited him to only light work. (AR at 63). She noted that "mental status examination findings have been minimal" and "no treating or examining physician has offered the opinion that Mr. Eichenberg is disabled." (AR at 64, 65). Next, the ALJ cited a New Mexico Veterans Administration Health Care Systems ("NMVAHCS") report by counselor Jennifer Rielage, Ph.D., from May 10, 2009, in which Dr. Rielage decided that Mr. Eichenberg did not meet the criteria for major-depressive-disorder diagnosis and that his PTSD and alcohol abuse did not prevent him from working. (AR at 64). Third, the ALJ discussed another NMVAHCS evaluation by social worker Sonya D'Ambrosio, interpreting it as proof that Mr. Eichenberg's mental health was manageable and improving. (AR at 64). Finally, the ALJ discussed consulting physician Cathy L. Simultis, Ph.D.'s evaluation from June 25, 2009. (AR at 64). The ALJ explained that Dr. Simutis had diagnosed Mr. Eichenberg with major depressive disorder and alcohol abuse, but found no indication of a psychotic thought process. (AR at 64). The ALJ also found persuasive Dr. Simultis's opinion that Mr. Eichenberg's ability to interact with coworkers and the public was only moderately limited by his PTSD. (AR at 64). The ALJ purportedly made its RFC determination for the foregoing reasons.

At step five, the ALJ analyzed Mr. Eichenberg's ability to do his past job as a computer operator working the "night shift" in light of her RFC determination. (AR at 65). The ALJ determined that Mr. Eichenberg could perform "light work" with occasional and superficial interaction with co-workers and the public. (AR at 63). The ALJ explained that

6

Ms. Weber, the vocational expert, had described "computer operator work" as light and skilled, and the "night shift" as not affording significant interaction with coworkers or the public. (AR at 65). Therefore, the ALJ reasoned that Mr. Eichenberg was capable of performing his past work since it fit into the parameters of the RFC determination. (AR at 65). Finally, the ALJ concluded that Mr. Eichenberg was not disabled. (AR at 65).

      b.  The Appeals Council

Mr. Eichenberg supplemented the evidence in his case with new information while awaiting the Appeals Council's decision. Mr. Eichenberg had continued to seek treatment and consultation from doctors and psychologists for help with his ailments, and wanted the Appeals Council to consider these new medical records in its review. Mr. Eichenburg proffered the first set of additional evidence to the Appeals Council on November 4, 2011, as follows:

> 1. Psychological Evaluation by Emily Driver Moore, Ph.D.dated [October 7, 2011];
> 2. Medical Assessment of Ability to do Work-Related Activities (Mental) completed by Emily Moore Ph.D. dated [October 31, 2011];
> 3. Assessment of Adaptation to Temperament Characteristics Required by Jobs;
> 4. 12.04 Affective Disorders completed by Emily Moore, Ph.D. dated [October 31, 2011]; and
> 5. 12.06 Anxiety Related Disorders, completed by Emily Driver Moore Ph.D. dated [October 31, 2011].

(AR at 20-55). In March 2012, Mr. Eichenberg submitted additional NMVAHCS medical records, dated from January 27, 2011 through March 23, 2012. (AR at 13). Last, Mr. Eichenberg sent the Appeals Council a third-party statement narrative by his wife. (AR at 11-12). The Appeals Council rejected all of the additional evidence except for a portion of the NMVAHCS medical records. (AR at 9). In the *Order of Appeals Council* ("Order"), the retained records were grouped and labeled as "Exhibit 17 F… Medical records from Veterans Administration Hospital dated July 1, 2011 through March 5, 2012 (AR at 9).

7

In denying Mr. Eichenberg's request for review of the ALJ's decision, the Appeals Council stated that it had "found no reason under our rules to review the [ALJ's] decision." (AR at 4-5). Mr. Eichenberg properly appealed the final decision of the Commissioner to this Court.

    c. Points of Error

Mr. Eichenberg alleges several points of reversible error. First, he contends that the Appeals Council improperly failed to accept and consider the medical evidence from Dr. Emily Moore, or evidence related to the Veterans Administration's ("VA") disability determination from February 2012.[2] Next, he claims the ALJ erred at step three by failing to consider all of the relevant evidence, specifically the Global Assessment of Functioning ("GAF") score assessed by Dr. Rielage. Third, he argues that the ALJ failed to apply the correct legal standard when it determined that Mr. Eichenberg could return to his previous work. Last, he asserts that the ALJ improperly discounted Mr. Eichenberg's complaints of pain and functional limitations in making its credibility determination.

**IV. Analysis**

    a. Additional evidence from Dr. Emily Moore

Mr. Eichenberg contends that the Appeals Council committed reversible, legal error by refusing to consider the additional medical evidence from Dr. Moore. (Doc. 18 at 15). The Commissioner disagrees with Mr. Eichenberg because it insists that the Appeals Council did in fact properly consider Dr. Moore's evidence. (Doc. 20 at 3-5). Therefore, the Court must first decide whether the Appeals Council considered the evidence from Dr. Moore. If the Court answers in the negative, then it must determine whether the evidence

---

[2] Mr. Eichenberg's counsel has withdrawn points of error alleging the ALJ failed to give "controlling weight" to a treating physician's evaluation and consider the VA's disability determination. (Doc. 22, at 3, 5).

8

should have been considered on de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).

The Appeals Council must consider additional evidence if it is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970(b), 404.976(b); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). In the *Notice of Appeals Council Action* ("Notice"), (AR at 5), the Appeals Council explained that it "looked" at Dr. Moore's records dated October 7 through October 31, 2011, and that those records contained "new information… about a later time" and therefore "did not affect" the Appeals Council's decision to deny review. (AR at 5). The Commissioner argues that this statement alone proves the Appeals Council both determined Dr. Moore's records satisfied the *Chambers* requirements and considered them when the Council made its decision to deny review. (Doc. 20 at 3-5). However, the Appeals Council carefully stated that it "looked at" Dr. Moore's records, and not that it considered them. (AR at 5). It is the general practice in the Tenth Circuit to take the Appeals Council at its word. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). The Appeals Council also explained that it found Dr. Moore's records were not temporally relevant, which means that it determined the evidence actually failed one of the *Chambers* requirements. *See Padilla v. Colvin*, No. 12-2097, 2013 U.S. App. LEXIS 9406, at *5-6 (10th Cir. May 9, 2013) (unpublished). Once the Appeals Council makes a finding that new evidence is not temporally relevant, then the *Chambers* requirements are unmet and the Appeals Council may not consider the records. *Id*. If the Appeals Council had at least accepted Dr. Moore's records into the administrative record it reviewed, then that would have been an indication the Council considered the records. *See Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011); *Martinez v.*

*Barnhart*, 444 F.3d 1208, 1207-08 (10th Cir. 2006). However, the Appeals Council declined to accept any of Dr. Moore's records into the administrative record. (AR at 9). Therefore, the Court must conclude that the Appeals Council did not consider any of Dr. Moore's records, and will undertake its own *Chambers* analysis de novo. *See Threet*, 353 F.3d at 1191.

To reiterate the *Chambers* requirements, evidence must be considered if it is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970(b), 404.976(b).  Evidence is "new" within the meaning of Sections 404.970(b) and 416.1470(b) if it is not "duplicative or cumulative." *Threet*, 353 F.3d at 1191. Dr. Moore made her evaluations over two months after the ALJ made her decision. Additionally, Dr. Moore's records indicate Mr. Eichenberg's condition as worsening and being more severe than records before the ALJ. Therefore, the Court is in accord with the Appeals Council that Dr. Moore's records contain "new information," (AR at 5), and that it is neither duplicative nor cumulative.

Evidence is material to the determination of disability if there is a reasonable possibility it would have changed the outcome. *See Threet*, 353 F.3d at 1191. Dr. Moore based her conclusions on an interview, mental status examination, and administration of several psychological tests of Mr. Eichenberg. (AR at 35). Dr. Moore diagnosed Mr. Eichenberg with chronic severe major depression, anxiety, and chronic PTSD that she determined had existed for decades. (AR at 36-37). Dr. Moore's records may be important to the agency's determination because they indicate that Mr. Eichenberg's condition is continuing to deteriorate, and provide further clinical evidence for his claim of disabling PTSD and depression. Dr. Moore further concluded that,

> [a]lthough he denies symptoms of active psychosis, his thought processes are likely to be impacted by confusion and distractibility, and he may experience disruptions or blocks in his thinking that are characteristic of a chronic disorder such as schizophrenia. [Mr. Eichenberg] is likely to experience rapid mood swings and emotional liability
>
> ….
>
> Mr. Eichenberg could not function adequately in his present condition, in any employment setting in which he is required to interact with people in any capacity, accept instructions or criticism from authority figures, or respond with flexibility to changes in routine.

(AR at 37, 39). Dr. Moore noted that Mr. Eichenberg presented with "symptoms of thought disorder" that deserve further attention. (AR at 38). She also completed assessments of Mr. Eichenberg and identified various areas, including social interaction, understanding and memory, sustained concentration and persistence, and adaptation, in which he showed marked or moderate limitations. (AR at 23-27).

Dr. Moore's evaluations directly contradict some of the evidence cited by the ALJ in making her determination. The ALJ noted that mental examination findings have been minimal, and gave weight to a consultative report stating Mr. Eichenberg shows no indication of psychotic thought process and that his ability to interact with others is only moderately limited. (AR at 64). The ALJ determined that Mr. Eichenberg's only limitation is that he should have occasional and superficial interaction with co-workers and the public. (AR at 65). Mr. Eichenberg is therefore correct that the ALJ's RFC determination could reasonably be found to be unsupported by substantial evidence because it does not take into account the limitations described in Dr. Moore's reports. *See Padilla*, 2013 U.S. App. LEXIS 9406, *7. Dr. Moore's evaluation further belies the ALJ's determination that Mr. Eichenberg's various PTSD and depression symptoms are only mild to moderate. (AR at 62). Dr. Moore's reports are therefore material because they include information that could reasonably change the outcome of the agency's decision.

11

New and material evidence is chronologically pertinent if it relates to the period on or before the date of the decision. See *O'Dell*, 44 F.3d at 858. Dr. Moore considered Mr. Eichenberg's medical history and the chronicity of findings from December 2008 up through October 31, 2011 in completing the Medical Assessment of Ability to Do Work-Related Activities (Mental). (AR at 23). She also pointed out that she reviewed both the Consultative Evaluation Report by Cathy Simultis, Ph.D., dated June 25, 2009, as well as the progress notes and medical records from NMVAHCS dated from 2009 through 2011, in making her psychological evaluation. (AR at 28). Dr. Moore's detailed analysis chronicles and assesses Mr. Eichenberg's mental well-being from his childhood up to the present day. (AR at 28-39). Dr. Moore primarily evaluated Mr. Eichenberg's PTSD and major depressive symptoms, which existed well before the date of the ALJ decision and are ongoing. Therefore, Council erred in determining the evidence was not temporally relevant.

The Court finds that the test laid out in *Chambers* has been satisfied. The evidence in Dr. Moore's reports shall be considered by the Commissioner upon remand.

    b.  Veteran Administration's disability finding and evaluation

In his Reply brief Mr. Eichenberg alleges for the first time that the Appeals Council erred by ignoring new evidence he submitted to the Appeals Council on March 29, 2012 relating to the VA's disability rating and concomitant analysis.[3] (Doc. 22 at 4-5). Mr. Eichenberg concedes the Appeals Council accepted all of the additional evidence relating to the VA's disability rating. (Doc. 22 at 4-5). He contends the VA's disability rating and analysis were not properly considered by the Appeals Council and asks the Court to

---

[3] Mr. Eichenberg initially alleged that the ALJ committed error by ignoring the VA's disability rating and analysis. (Doc. 18 at 18). The Commissioner correctly pointed out the impossibility of Mr. Eichenberg's argument, given that such evidence was not in existence until well after the ALJ's decision was made. (Doc. 20 at 6-7). Mr. Eichenberg's counsel subsequently acknowledged a mistake had been made, and reframed the argument. (Doc. 22 at 5).

consider the VA's determination or disability on de novo review, or in the alternative, order remand with directions to the Commissioner that the VA's disability determination be considered. (Doc. 22 at 4-5). The VA's disability rating is "entitled to weight and must be considered." *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) (ALJ committed reversible error by failing to consider the VA's disability of a claimant). While Mr. Eichenberg's argument could have merit, he raises the issue for the first time in his Reply brief. It is clearly settled that a party cannot raise new issues in a reply brief, only respond to arguments raised for the first time in a response brief. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir. 2009); *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2009) (issues raised for the first time in a reply brief are generally deemed waived).

## V.     Conclusion

Accordingly, the Court holds that the new evidence from Dr. Emily Moore that was submitted with plaintiff's administrative appeal should have been considered by the Appeals Council. The omission constitutes substantial legal error necessitating a remand for further proceedings consistent with the discussion herein. The Court does not decide any other issue raised by Mr. Eichenberg on appeal, as these matters are mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE RECOMMENDED** that Mr. Eichenberg's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum*, (Doc. 18), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*[signature]*
_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE