IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK EICHENBERG,

        Plaintiff,

v.                                                        No. 12-cv-00795 MV/CG

CAROLYN W. COLVIN,
Commissioner of the
Social Security Administration,
        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Plaintiff's *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, With Memorandum in Support* ("Motion"), (Doc. 27); *Defendant's Response in Opposition to Plaintiff's Motion for Attorney Fees and Expenses Under the Equal Access to Justice Act* ("Response), (Doc. 28); and Plaintiff's *Reply to Defendant's Response in Opposition to Plaintiff's Motion for Attorney Fees and Expenses Under EAJA* ("Reply"), (Doc. 29). Plaintiff requests the Court award him attorney's fees in the amount of $8,095.55 and $350 in court costs under the Equal Access to Justice Act ("EAJA"). Defendant opposes Plaintiff's request for an award of attorney fees, on the basis that his request is unreasonable.

    Plaintiff requests attorney's fees, pursuant to EAJA, in the amount of $8,095.55 for 43.77 hours of attorney time billed at $185 per hour. Plaintiff contends his attorneys properly expended that time to successfully litigate his case. Plaintiff attaches the affidavits of attorneys Michael D. Armstrong and Francesca J. MacDowell in support. (Doc. 27-1; Doc. 27-2). Those hours consist of 36.35 attorney hours expended by Ms. MacDowell; 6.17 attorney hours expended by Mr. Armstrong; and 1.25 hours expended to file the Reply to the Commissioner's EAJA fee challenge. (Doc. 29 at 5).

The Commissioner argues that the Plaintiff has not established the reasonableness of his EAJA fee request because some of the requested time: (1) was expended on duplicative tasks performed by both Mr. Armstrong and Ms. MacDowell; (2) was expended on drafting an allegedly unnecessary memorandum; (3) was expended unnecessary time on drafting an unnecessary argument for a reply brief; and (4) is excessive as to some tasks. (Doc. 28 at 2). The Commissioner asks the Court to reduce the total number of compensable hours by 4.42 hours, so that Plaintiff is compensated for 38.10 hours of attorney time, or $7,048.50.[2] (Doc. 28 at 5). The Commissioner does not object to Plaintiff's request for court costs in the amount of $350.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The purpose of the EAJA is to eliminate financial disincentive the average person has to challenge unreasonable governmental actions. *Comm'r v. Jean*, 496 U.S. 154, 163 (U.S. 1990). Here, the parties do not dispute Mr. Eichenberg is a prevailing party or that the Commissioner's position was substantially justified; rather they disagree about whether special circumstances make the award unjust. Therefore, the Court must make a second finding regarding what fee is 'reasonable.' *Jean*, 496 U.S. at 160–61. That determination is within the Court's discretion. *See Harris v. Sec'y Health & Human Serv.*, 836 F.2d 496, 498 (10th Cir. 1987).

---

[2] Defendant did not move for leave to file a surreply to oppose the 1.25 hours Plaintiff added onto the total number of compensable attorney hours in his Reply. Defendant originally asked that the Court only compensate Plaintiff for 38.10 hours of attorney time, or a total of $7,048.50; the Court has not adjusted the number upward to account for the additional 1.25 hours.

The Commissioner asserts that the Court should not award attorney's fees for three hours of attorney time Mr. Armstrong spent meeting with Plaintiff, reviewing the administrative record and various filings, and drafting a memorandum to Ms. MacDowell about issues in the case. (Doc. 28 at 2–3). The Commissioner argues Plaintiff's attorneys are engaging in improper "double billing" because Ms. MacDowell has claimed she also spent compensable time reviewing the administrative record and filings in the case. Plaintiff responds that Mr. Armstrong and Ms. MacDowell performed separate tasks in connection with the review of those documents— Mr. Armstrong met with Plaintiff and Ms. MacDowell wrote the briefs for Plaintiff's District Court case. (Doc. 29 at 2–3). The Commissioner also claims that Ms. MacDowell did not need a memorandum from Mr. Armstrong because she is an experienced Social Security lawyer. (Doc. 28 at 3). Plaintiff responds that there are many benefits to be reaped from collaboration, even by experienced attorneys. (Doc. 29 at 3).

The Commissioner further points out that Ms. MacDowell has claimed compensable time in the amount of 2.5 hours for writing three arguments in a reply brief, one of which had already been waived. (Doc. 28 at 3–4). The Commissioner requests that we prune the compensable hours by one-third, or .7 hours, for that task because Ms. MacDowell expended unnecessary time. (Doc. 28 at 4). Plaintiff responds that since the reply brief was a seven-page document, specific to this case, and the waived argument only comprised several lines of the brief, the hours requested are reasonable. (Doc. 29 at 4).

Last, the Commissioner contends that Mr. Armstrong spent excessive time, in the amount of 2.67 hours, reviewing the work of Ms. MacDowell. (Doc. 28 at 4). The Commissioner again asserts that Ms. MacDowell is an experienced attorney that does not

need so much oversight from Mr. Armstrong, and therefore he should only be compensated for half of that time. (Doc. 28 at 5). Plaintiff responds that Ms. MacDowell relies on Mr. Armstrong's review of her work to make the final product better. (Doc. 29 at 3–4).

The Court is persuaded that the hours requested are reasonable and created a benefit to Plaintiff. The number of hours requested here is within the range of reasonableness for the research and analysis of the issues presented before the Court.

The Court finds that Plaintiff's counsel are not requesting compensation for duplicative tasks. Plaintiff provided adequate explanations for how separate line-item tasks are different from one another. Additionally, the Court agrees with Plaintiff that Mr. Armstrong and Ms. MacDowell's collaboration was beneficial to him and finds that it was reasonable.  Mr. Armstrong had the benefit of working directly with Plaintiff during the ALJ hearing and properly communicated information he had about the case to his co-counsel. Even quite experienced attorneys, such as Mr. Armstrong and Ms. MacDowell, can sharpen their arguments with the critical feedback of co-counsel, which is the case here. Last, the Commissioner provides no legal authority to support her argument that the Court should reduce the compensable time by .7 hours because Ms. MacDowell raised a waived argument. As Plaintiff points out, that argument encompassed only several lines in a seven-page document. Further, micro-managing Plaintiff's counsel in the way that the Commissioner suggests would not further the specific purpose of the EAJA. Therefore, the number of hours requested is reasonable and should be awarded.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, With Memorandum in Support* be **GRANTED**.

**IT IS ALSO RECOMMENDED** that attorney fees be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $8,095.55 for attorney's fees and $350 for court costs. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER RECOMMENDED THAT**, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE