## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PATRICK EICHENBERG,

      Plaintiff,

v.                               No. 12-cv-00795 MV/CG

CAROLYN W. COLVIN,
Commissioner of the
Social Security Administration,

      Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum*, (Doc. 33), and *Defendant's Response to Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b).* (Doc. 34). Defendant set out the relevant legal standards the Court should use in deciding Plaintiff's Motion, but declined to take a position with regard to the reasonableness of the requested award. (Doc. 34). Plaintiff's attorneys, Michael Armstrong and Francesca MacDowell ("Plaintiff's Counsel"), move the Court for an order authorizing attorney fees in the amount of $12,513.00 for legal services rendered before this Court. (Doc. 33 at 1).

United States District Judge Martha Vazquez referred this case to this Court to make proposed findings and recommend an ultimate disposition. (Doc. 21). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion is well-taken and recommends that it be **GRANTED**.

## I.      Procedural Background

Plaintiff instituted an action in this Court on July 20, 2012 seeking judicial review

of Defendant's denial of his application for Social Security disability benefits. (Doc. 1).

On August 8, 2013, Judge Vazquez granted Plaintiff's request for relief, and remanded

the case to the Commissioner for further proceedings. (Doc. 26). Plaintiff subsequently

filed a motion seeking attorney fees in the amount of $8,095.55 and court costs in the

amount of $350, pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 27). That

motion was granted on November 14, 2013.  (Doc. 32).

Upon remand, Defendant determined Plaintiff to be disabled, entered a fully

favorable decision, and awarded Plaintiff nearly six years of past-due benefits. (Doc. 33

at Ex. A). Defendant advised Plaintiff on November 15, 2014 that his back benefits

totaled $74,053, and that $12,513 was being withheld pending award of attorney fees

pursuant to 42 U.S.C. § 406(B).[1] (*Id.* at Ex. B). Plaintiff requests that the Court authorize

the $12,513 being withheld as attorney fees for legal services provided. Plaintiff also

asserts that contemporaneously with the release of those funds, he will be refunded the

EAJA fees previously awarded by this Court in the amount of $8,095.55.[2]

## II.     Analysis

When a court renders a judgment favorable to a social security claimant who was

represented before the court by an attorney, the court may allow "a reasonable fee for

such representation, not in excess of 25 percent of the total of the past-due benefits to

---

[1] The Commissioner withholds 25 percent of past due benefits for a potential award of attorney fees
pursuant to 42 U.S.C. § 406(B). In this case, 25 percent of the past due benefits, less the $6,000 that the
Administrative Law Judge authorized to be paid for work performed by counsel before the Administration,
totals $12,513.
[2] Plaintiff mistakenly claims that he was previously only awarded $7,864.30 in EAJA fees. (Doc. 33 at 2).
However, the Court awarded $8,095.55 in EAJA fees, and therefore will modify Plaintiff's request to
account for this apparent scrivener's error.

which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are

paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits.

*Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008).  If fees are

awarded under both the EAJA and § 406(b), the attorney must refund the lesser award

to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court

remands a . . . case for further proceedings and the Commissioner ultimately

determines that the claimant is entitled to an award of past-due benefits." *McGraw v.

Barnhart,* 450 F.3d 493, 495–96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them

unenforceable to the extent that they provide for fees exceeding 25% of the past-due

benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) also requires

the court to act as "an independent check" to ensure that fees are reasonable even if

they are less than 25% of past-due benefits, because there is no presumption that 25%

is reasonable. *Id.* at 807 n.17. Counsel has the burden of demonstrating the

reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the

representation and the results the representative achieved." *Id.* at 808.  Factors relevant

to the reasonableness of the fee request include i) whether the attorney's representation

was substandard; ii) whether the attorney was responsible for any delay in the

resolution of the case; and iii) whether the contingency fee is disproportionately large in

comparison to the amount of time spent on the case. *Id.* A court may require the

claimant's attorney to submit a record of the hours spent representing the claimant and

a statement of the lawyer's normal hourly billing rate for non-contingency fees cases.

*Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Plaintiff's counsel representation of Plaintiff was more than adequate. Counsel obtained a fully favorable decision for Plaintiff, and did not delay the proceedings before this Court in any way. The instant motion was filed within three months of Plaintiff receiving notice that he was entitled to past-due benefits, which the Court finds to be reasonable. In addition, the requested fee for services performed in connection with this case is approximately 16.8 percent of the total past-due benefits awarded to Plaintiff, which is significantly less than the 25-percent cap imposed by § 406(b).

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Plaintiff's Counsel's experience working on Social Security cases. (Doc. 33 at Ex. E). Plaintiff's Counsel documented 42.52 total hours of attorney hours in representing Plaintiff before this Court. (Doc. 33 at Ex. C & D).  Awarding counsel the requested $12,513 would result in an average hourly fee of $294.29 for attorney work performed before this Court. The Court notes that this fee is relatively high in light of Counsel's statements to the Court pursuant to Plaintiff's motion for EAJA fees, wherein Plaintiff's Counsel asserted that $184 per hour and $185 per hour were the reasonable EAJA fees for work they performed in years 2012 and 2013, respectively. (Doc. 27 at Ex. A & B). The Court granted EAJA fees based on those representations. Here, the § 406(b) fee award that is being requested is almost 60

percent more than the purported "reasonable hourly EAJA fee" for work performed by Plaintiff's Counsel in 2012 and 2013.

However, considering Plaintiff's Counsel's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g.*, *Marquez v. Astrue*, Civ. 10-1165 CG (Doc. 30) (awarding $10,015 for 18.9 hours, or $529.00 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Doc. 22) (fees awarded pursuant to § 406(b) translated to $701.75 per hour); *Ferguson v. Barnhart*, Civ. 02-823 KBM (Doc. 29) (awarding $ 7,000 for 13.55 hours, or $ 516.60 per hour). The Court again notes that Defendant does not take a position for or against this Motion, and it is the duty of the Court to determine whether the fees are reasonable. (Doc. 34 at 1).

## III.   Conclusion

**IT IS THEREFORE RECOMMENDED** that *Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum*, (Doc. 33), be **GRANTED**. Plaintiff's Counsel should be awarded $12,513 for legal services rendered before this Court

**IT IS FURTHER RECOMMENDED** that Plaintiff's Counsel shall refund to Plaintiff the $8,095.55 awarded under EAJA.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE